# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, | ) |
| | ) |
| v. | ) ID No. 2109011647 |
| | ) |
| LARRY SAUNDERS, | ) |
| Defendant. | ) |

## ORDER

On this 3rd day of August, 2023, upon consideration of Defendant, Larry Saunder's ("Defendant") *pro se* Motion for Sentence Modification (the "Motion"),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. Defendant was Indicted in this Court on November 22, 2021, on various drug, weapon and child endangering charges. On the date and time set for Defendant's trial, May 15, 2023, Defendant pled guilty to the charges of Possession of a Firearm by a Person Prohibited (hereinafter "PFBPP"), Drug Dealing, and Possession of Ammunition by a Person Prohibited (hereinafter "PABPP"). Per the plea agreement between Defendant, acting *pro se* with standby counsel appointed, Defendant was sentenced immediately to: PFBPP - fifteen (15) years at Level V, suspended after twelve (12) years, six (6) months[2] for two (2) years Level IV (DOC

---

[1] *State v. Larry Saunders*, Crim. ID No. 2109011647, D.I. 71.
[2] The first ten (10) years of the Level V time is minimum mandatory time pursuant to 11 *Del. C.* § 1448.

Discretion), suspended after six (6) months for eighteen (18) months at supervision Level III; Drug Dealing – eight (8) years at Level V suspended for eighteen (18) months concurrent Level III probation; PABPP – eight (8) years at Level V suspended for eighteen (18) months concurrent Level III probation. The Defendant was sentenced in accordance with the terms reached in the plea agreement,[3] and the sentence was a joint recommendation between the State and Defendant.

2.      On July 28, 2023, Defendant filed the instant Motion for Modification of his sentence requesting that his Level V time be limited to the ten (10) year minimum mandatory time, as opposed to the twelve and a half (12.5) years received. This motion cites to Defendant's "Professional Achievements & Community Contributions", "Entrepreneurial Success", "Remorse and Grown Through Hindsight", "Personal and Family Circumstances" and finally has a section entitled, "Statutory Minimum."[4] Other than the arguments relating to the statutory minimum being appropriate here, these topics were presented and considered at the time of sentencing. In fact, a discussion was held with Defendant regarding his professional and familial accomplishments during sentencing.[5]

---

[3] The only modification made at sentencing was that the LIV time was to be served at DOC discretion as opposed to the designated Work Release on the plea paperwork.
[4] *See* Sections A-E in Defendant's Motion.
[5] D.I. 68.

3.     Under Superior Court Criminal Rule 35(b), "the court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed. This period shall not be interrupted or extended by an appeal, except that a motion may be made within 90 days of the imposition of sentence after remand for a new trial or for resentencing. The court may decide the motion or defer decision while an appeal is pending.  Further, the Court may decide the motion without presentation or formal hearing."[6]

4.     Given that this motion was filed within ninety (90) days of Defendant's sentencing, the motion is timely.

5.     Although timely, the motion is still without merit.  The sentence in this case was imposed pursuant to a Plea Agreement between the State and the Defendant.   Defendant represented himself, at his insistence following a full colloquy at an earlier proceeding.[7]   In so self-representing, Defendant both negotiated and signed the plea agreement.  In fact, it was Defendant who reached out to the State to reinitiate plea negotiations on the morning of trial.  Shortly thereafter, the plea was placed upon the record and formally accepted.[8]  Pursuant to Criminal Procedural Rule 11(c)(1), the Court addressed Defendant in open court and determined that the Defendant understood the nature of the charge to which the plea

---

[6] Super. Ct. Crim. R. 35(b).
[7] D.I. 57. Alicea Brown, Esquire was ordered to remain as stand-by counsel, only.
[8] D.I. 68.

was offered, the mandatory minimum penalty provided by law, as well as the maximum possible penalty provided by law. Accordingly, Defendant acknowledged in open court that the range of possible penalties included the sentence that was imposed by the Court in this case.[9]

6.      Defendant presents no new information in this motion that would warrant modification. The sentence is appropriate for all the reasons stated at the time of sentencing. No additional information has been provided to the Court which would warrant a reduction or modification of this sentence.

7.      While Defendant represented himself throughout the relevant proceedings, and is technically doing so here, it is notable to the Court that included by Defendant with the motion is an updated letter from "Legal Support Services Office Criminal Offenders Legal Advocacy Group".[10] The signature on the letter cannot be made out, and while there is no Delaware Bar Identification Number, the author presents an American Bar Association Identification Number. This letter makes it clear that the instant Motion for Sentence Modification was prepared by the letter's sender, and not Defendant. The letter also makes it clear that this "Legal Advocacy Group" will "continue to advocate tirelessly in the other matters you have

---

[9] *Id.*

[10] The heading on the letterhead includes contact information, one of which is a social media contact of: https://www.facebook.com/selfrep.org

hired us to assist with [sic]." Despite the Court's concerns regarding the unauthorized practice of law,[11] the Court accepted and fully considered the instant motion, however a copy of Defendant's motion, the referenced letter and this Order will be sent to the Office of Disciplinary Counsel for any action they deem appropriate.

Accordingly, Defendant's Motion for Modification of Sentence is **DENIED**.

**IT IS SO ORDERED.**

*Danielle J. Brennan*

Danielle J. Brennan, Judge

Original to Prothonotary

Cc:   Larry Saunders (SBI #00531369)
      Dominic Carrera, DAG
      Alicea Brown, Esquire
      David White, Esquire, Office of Disciplinary Counsel
      Kathleen Vavala, Esquire, Office of Disciplinary Counsel

---

[11] *See* Delaware Trial Handbook § 1:7:  https://www.delawgroup.com/delaware-trial-handbook-%C2%A7-17-the-need-for-counsel-to-be-admitted-to-practice-law/